# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMART PACKAGING SOLUTIONS SA, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: _____ |
| v. | ) |
| | ) |
| CPI CARD GROUP INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Smart Packaging Solutions SA ("SPS") brings this action against Defendant CPI Card Group Inc. ("CPI") for infringing Plaintiff's patent rights.

### Introduction and Background

1. The patents involved in this lawsuit relate to "smart cards," which are routinely used by (i) financial institutions when issuing credit cards, debit cards, or pre-paid purchasing cards; (ii) governments when issuing passports, national identification cards, driver's licenses, or similar identification; (iii) transportation companies when issuing rider passes; and (iv) corporations, institutions, and agencies when issuing high-security personal identification cards.

2. Smart cards include a computer chip having an integrated circuit that encodes the essential personal identification data of the cardholder. Smart cards need to communicate their high-security personal identification data with a base station, sometimes called a card reader. Smart cards typically communicate with the card reader using either a contact interface or a contactless interface. Contact interfaces typically involve a physical contact that can be used to establish a direct electrical connection between the smart card and the card reader; contact interfaces require the user to physically insert a card into a reader to exchange information.

3. Contactless interfaces, which are the focus of the patents asserted in this lawsuit, have advantages over contact interfaces. First and foremost, a physical connection between a card and a reader is not required. The user need only place the card near the reader or tap the card on the reader, both of which are faster and, in the current COVID-19 world, healthier and more appealing, than manually inserting cards into a reader. Indeed, as CPI's own marketing materials make clear, "contactless cards are … a faster, more convenient way of paying with a card." Further, "one in four tickets issued will be contactless by 2023." *See* The Contactless Revolution is Here. Are You Ready? (https://www.cpicardgroup.com/2020/02/the-contactless-revolution-is-here-are-you-ready/) (visited February 25, 2021). For a typical contactless interface, the smart card includes a radio-frequency identification ("RFID") chip that communicates with the card reader through electromagnetic coupling using one or more antennas on the card. This communication may incorporate Near-Field Communication ("NFC") protocols. The design of the antenna(s) is important in facilitating the operation and success of contactless interfaces.

4. Smart cards that include both a contact interface and a contactless interface are called "dual interface" smart cards. The patents asserted here are directed to an improved contactless interface for smart cards, including but not limited to contactless interfaces as may be used in dual interface cards. Specifically, the patents asserted here are directed to antenna designs that improve the efficacy of contactless interface cards by: (i) improving the electromagnetic coupling of the RFID chip and the card reader and (ii) providing for easier and more flexible embedding within a card body. The patents also cover improved smart cards and card bodies comprising the improved antenna designs.

**Parties, Jurisdiction, and Venue**

5. Plaintiff SPS is a global leader in smart card technology, with an office and principal place of business at 85 avenue de la Plaine, Zl De Rousset-Peynier, 13790 Rousset, FRANCE.

6. Defendant CPI is a leading supplier of smart card fulfillment options, including dual interface smart cards, which use a contactless interface. As relates to jurisdiction and venue, CPI is a Delaware corporation. CPI has its principal office and place of business located at 10026 San Juan Way, Suite 200, Littleton, Colorado 80127.

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendant because it is incorporated in the State of Delaware.

9. Venue is proper in this district under 28 U.S.C. § 1400(b) because the Defendant is incorporated in -- and therefore resides in -- the State of Delaware.

**The Patents-In-Suit**

10. On May 19, 2015, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Letters Patent No. 9,033,250 ("the '250 patent"), entitled "Dual Interface Smart Cards, and Methods of Manufacturing." The '250 patent is assigned to Feinics AmaTech Teoranta. Plaintiff SPS is the exclusive licensee of the '250 patent and has the exclusive right to assert the '250 patent against any and all infringers throughout the United States and in all fields of use. A true and correct copy of the '250 patent is attached as Exhibit A to this Complaint.

11. On October 20, 2015, the PTO duly and legally issued United States Letters Patent No. 9,165,240 ("the '240 patent"), entitled "Coupling In and to RFID Smart Cards." The '240

patent is assigned to Feinics AmaTech Teoranta.  Plaintiff SPS is the exclusive licensee of the '240 patent and has the exclusive right to assert the '240 patent against any and all infringers throughout the United States and in all fields of use.  A true and correct copy of the '240 patent is attached as Exhibit B to this Complaint.

12.  On November 24, 2015, the PTO duly and legally issued United States Letters Patent No. 9,195,932 ("the '932 patent"), entitled "Booster Antenna Configurations and Methods."  The '932 patent is assigned to Feinics AmaTech Teoranta.  Plaintiff SPS is the exclusive licensee of the '932 patent and has the exclusive right to assert the '932 patent against any and all infringers throughout the United States and in all fields of use.  A true and correct copy of the '932 patent is attached as Exhibit C to this Complaint.

13.  On April 25, 2017, the PTO duly and legally issued United States Letters Patent No. 9,633,304 ("the '304 patent"), entitled "Booster Antenna Configurations and Methods."  The '304 patent is assigned to Feinics AmaTech Teoranta.  Plaintiff SPS is the exclusive licensee of the '304 patent and has the exclusive right to assert the '304 patent against any and all infringers throughout the United States and in all fields of use.  A true and correct copy of the '304 patent is attached as Exhibit D to this Complaint.

14.  The '250 patent, the '240 patent, the '932 patent, and the '304 patent may hereinafter be referenced collectively as "the asserted patents."

15.  SPS has at all times complied with the patent marking provisions of 35 U.S.C. § 287.

16.  On information and belief, CPI has publicly noted that its provision of smart cards with a contactless interface is important to its clients and its business success.

17.  As explained in more detail below and in the attached exhibits, CPI makes, uses, sells, and offers for sale dual interface smart cards that utilize the inventions covered by the

asserted patents, and does so without license or permission from SPS.  CPI markets these products under the names EMV, non-EMV, Second Wave, Card@Once, CPI Metals, contactless cards and dual interface cards and Adaptives technology ("the accused products").  CPI induces its customers to use these infringing accused products, which do not have any substantial non-infringing use.

18.  CPI's activities infringe the asserted patents under 35 U.S.C. §§ 271 (a), (b), and (c).

19. CPI's infringing activities have damaged SPS and caused damage to SPS's rights.  The extent of damage suffered by SPS and caused by CPI is not yet known, but the damage is substantial and will be determined in the course of litigation.

20.  On information and belief, CPI will continue its infringing activities, further damaging SPS, unless and until enjoined by this Court.

## COUNT I
### Infringement of The '250 Patent

21.  SPS re-alleges and incorporates paragraphs 1-20 above.

22.  The '250 patent covers card bodies that improve contactless operation of a smart card.

23.  CPI's accused products infringe at least claims 1-2, 10, and 12 of the '250 patent.

24.  Claim charts are attached as Exhibit E, explaining in detail how the '250 patent claims read on the accused products.

## COUNT II
### Infringement of The '240 Patent

25.   SPS re-alleges and incorporates paragraphs 1-20 above.

26.  The '240 patent is directed to card bodies, antenna modules, and methods that improve contactless operation of a smart card.

27.  CPI's accused products infringe at least claims 1, 4, 6, and 9 of the '240 patent.

28. Claim charts are attached as Exhibit F, explaining in detail how the '240 patent claims read on the accused products.

## COUNT III
### Infringement of The '932 Patent

29. SPS re-alleges and incorporates paragraphs 1-20 above.

30. The '932 patent is directed to booster antennas that improve contactless operation of a smart card.

31. CPI's accused products infringe at least claims 1-2 and 4-6 of the '932 patent.

32. Claim charts are attached as Exhibit G, explaining in detail how the '932 patent claims read on the accused products.

## COUNT IV
### Infringement of The '304 Patent

33. SPS re-alleges and incorporates paragraphs 1-20 above.

34. The '304 patent is directed to booster antennas that improve contactless operation of a smart card.

35. CPI's accused products infringe at least claims 1, 5, 7-8, and 11-13 of the '304 patent.

36. Claim charts are attached as Exhibit H, explaining in detail how the '304 patent claims read on the accused products.

## PRAYER FOR RELIEF

WHEREFORE, SPS respectfully demands the following relief for itself and against the CPI Defendant:

(a) This Court find and enter judgment that CPI has infringed each of the asserted patents;

(b) This Court issue preliminary and permanent injunctions enjoining CPI, its officers, agents, servants, employees, privies, and all persons in active concert or participation with them from further infringing each of the asserted patents;

(c) This Court ascertain and award SPS damages sufficient to compensate for CPI's infringement of each of the asserted patents;

(d) This Court find this case to be exceptional and award SPS its attorneys' fees, costs, and expenses in this action; and

(e) This Court grants such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff SPS demands a trial by jury on all issues so triable.

OF COUNSEL:

Daniel A. Boehnen
Paul H. Berghoff
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001


Dated:  April 20, 2021
7170188

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Smart Packaging Solutions SA*